FOURTH DISTRICT—APRIL, 1917.        311

Corn Belt B. & L. Ass'n v. Citizens' National Bk., 206 Ill. App. 311.

## Corn Belt Building & Loan Association, Appellant, v. Citizens' National Bank of Evansville, Indiana, et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Edwards county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917. Rehearing denied June 16, 1917.

### Statement of the Case.

Bill by Corn Belt Building & Loan Association, complainant, against the Citizens' National Bank of Evansville, Indiana, and others, defendants, to set aside a deed obtained by defendant bank pursuant to its redemption as a judgment creditor in foreclosure proceedings. From a decree dismissing the bill for want of equity, complainant appeals.

H. J. and J. H. STRAWN, for appellant.

ALLEN E. WALKER and P. C. WALTERS, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. MORTGAGES—*when correction of certificate of redemption by other than sheriff does not render it invalid.* In a chancery proceeding by a mortgagee to set aside a deed obtained by a bank pursuant to its redemption in a foreclosure proceeding, as a judgment creditor, where the mortgagee bought in the premises at a sale, and complainant had obtained its judgment after the period of redemption by the mortgagor, but before the expiration of fifteen months, and had deposited the redemption

money with the sheriff, who issued a certificate of redemption to the judgment creditor which did not contain a correct description of the property, but, before recording, such description was corrected in the presence of the sheriff by the attorney for complainant, *held* that such correction in the certificate did not render it invalid.

2. MORTGAGES—*when equities are with defendant on bill by purchaser on foreclosure to set aside deed to redeeming creditor.* On a bill filed by the purchaser at a mortgage foreclosure sale to set aside a deed to the premises in question, issued by the sheriff to the defendant bank, where it appeared that the defendant bank, as a judgment creditor of the mortgagor, deposited an insufficient amount of redemption money with the sheriff, who issued a certificate of redemption to the defendant bank and advertised the premises for sale; that the amount deposited was $10 less than the full amount due complainant with interest, and did not include the year's taxes which complainant had' paid; that on the evening before the time of sale the attorney for defendant, upon discovering that complainant had paid taxes, informed the secretary for complainant that he would on the succeeding day pay to him a sufficient sum to cover the taxes and any other sum legally due complainant, and such secretary left town on the succeeding day so that the money could not be paid to him, and the $10 error was not discovered until after the filing of the bill, and defendant bank, when the case was called for hearing, made a tender of sufficient money to pay the amount due complainant, but such tender was refused, *held* that the equities were clearly with the defendant bank and that the decree dismissing the bill for want of equity was proper.

3. MORTGAGES, § 602*—*what are rights of purchaser at mortgage foreclosure sale.* A purchaser at a mortgage foreclosure sale does not by his purchase acquire title to the land, either legal or equitable, but he has only the right to receive the redemption money, or, in case no redemption is made by the owner of the equity of redemption or by a judgment creditor, to receive a master's deed at the expiration of the period of redemption.

4. MORTGAGES—*what construction given to redemption laws.* A liberal construction is to be given to the mortgage redemption laws to the end that the property of the debtor may pay as many of his debts as possible.

5. MORTGAGES—*what does not render redemption void.* Technical errors, which do not go to the substantial merits of a case, should not render a redemption by a judgment creditor and the subsequent mortgage foreclosure sale void.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. Mortgages, § 596*—*when duty lies upon sheriff to execute deed to lower bidder forthwith.* On a bill by the purchaser at a foreclosure sale to set aside a deed given by the sheriff to a purchaser at a sale made pursuant to redemption by a judgment creditor of the mortgagor, where it appeared that a bid slightly higher than that made by the defendant bank was made by a party who, at the hearing of the bill, appeared as one of the attorneys for complainant; that such party was declared the purchaser; that the sheriff gave such party until a certain hour of the day of the sale to pay the money, but before that time delivered the deed to the defendant bank, and no tender of the amount paid by such party who made the higher bid was ever made, *held* that it was the sheriff's mandatory duty to execute the deed to the defendant bank.